Anderson, J.,
delivered the opinion of the court.
At common law a divorce a vinculo matrimonii, could only be granted for causes existing before the marriage. By the Virginia statute, the circuit courts have jurisdiction of suits for annulling or affirming mar *601 riages, or for granting divorces; and they are authorized to decree a divorce from the bond of matrimony for certain causes therein specified, some of which are such as exist prior to the marriage, and others are such as arise subsequent thereto; and upon decreeing the dissolution of marriage, or a divorce, whether from the bond of matrimony, or from bed and board, the court is authorized to make such further decree, as it shall deem expedient, concerning the estate or maintenance of the parties, or either of them, and the care, custody, and maintenance of their minor children, and may determine with which of the parents “the children, or any of them, may remain, &c. Code •of 1860, chap. 109, p. 529.
In this case the decree of divorce simply dissolves the bonds of matrimony and nothing more. It makes no provision concerning the estate, or the maintenance of the parties or either of them. Their respective rights of propei’ty are undisturbed, except only so far as they may be affected by the dissolution of the marriage. It is more accurate to say that the rights of property of the husband and wife are to be found, where the dissolution of the marriage leaves them, than to say that they remain, where the law of the marriage placed them.
This is true as to the wife’s personal property. For it is well settled, that upon the dissolution of the marriage by a decree of divorce which does not otherwise direct, the wife’s choses in action, which had not been previously reduced to possession by the husband, or specifically assigned by him, revert immediately to her. But her choses in action, and her personal chattels, which had been reduced to possession by the husband prior to the divorce, had become absolutely vested in him as his property, and could not be di *602 vested by the divorce. Why may it not be true also as to the wife’s real estate? Mr. Bishop says, “All transfers of property which were actually executed, either in law or fact, abide; for example, the personal estate of the wife, reduced to possession by the husband, remains his after the divorce the same as before. But this divorce puts an end to all rights depending on the marriage, and not actually vested, as dower in the wife, curtesy in the husband, and his right to reduce to possession her choses in action.” 2 Bishop on Mar. & Div. § 705.
If the husband retains an interest in the wife’s real estate after th,e divorce, it must be either as tenant by the marital right or tenant by the curtesy.
Although the tenancy by the curtesy is ordinarily, to appearance, a mere prolongation of the tenancy by the marital right, enabling the husband to hold for his own life what otherwise would terminate with the life of the wife, yet the tenancy by the marital right attaches to some estates to which the tenancy by the curtesy cannot attach, though there should be issue of' the marriage, as, for example, estates for life—even estates pur autre vie. And to other estates it cannot attach, in which there may be curtesy, as, for example, estates held for the separate use of the wife. In such estates, under some circumstances, there may be curtesy; but it is of their very essence not to be subject to the marital right.
It is the general doctrine, that marriage alone, without the birth of issue, casts upon the husband an estate in all the wife’s real property in possession, whether of inheritance or of freehold for life, during the joint lives of husband and wife. The death of the husband, or of the wife, ends this estate. (1 Bishop on the Law of Mar. Women, § 529.) It is a freehold *603 estate in the husband, since it must continue during their joint lives, and may by possibility last during his life, if his wife survives him. (2 Kent’s Com. side p. 130.) JBy the intermarriage the husband acquires a freehold interest during the joint lives of himself and wife in all such freehold property of inheritance as she was seized of at the time of marriage; and a like interest vests in him in such as she may become seized of during the coverture. The seisin acquired by the husband is a joint seisin with the wife in right of the wife. This interest of the husband, which is a tenancy by the marital right, may be defeated by the act of the wife alone. Kor, if at common law the wife is at-tainted of felony, the lord by escheat could enter and eject the husband. 4 Hawk. P. C. 78; Co. Litt. 40 a; Vin. Abr. Curtesy A. In Co. Litt. 351 a, Lord Coke says: “It appeareth here by Littleton, that if a man taketh to wife a woman seized in fee, he gaineth by the intermarriage an estate of freehold in her right, which estate is sufficient to work a remitter; and yet the estate which the husband gaineth dependeth on uncertainty and consisteth in privity; for, if the wife be attainted of felony, the lord by escheat shall enter and put out the husband.” “Also, if the husband be attainted of felony (he says), the king gaineth no freehold, but a pernancy of the profits during the coverture; and the freehold remaineth in the wife. The claim to the rents and profits during the coverture was all the husband was entitled to in his own right, though in right of his wife he was jointly seized with her of the freehold, unless, by the birth of a child, he became tenant for life by the curtesy.” 2 331. Com. 433.
If the foregoing principles are sound, which are well supported by high authority, it is clear that the *604 husband’s tenancy by the marital right is dependent upon and derives its support from the marriage relation, and ceases immediately upon its dissolution. It really vests do right to the realty in the husband as his own, and divests no right from the wife in the realty. The husband acquires in his own right only the pernancy of the rents and profits during the coverture. And immediately upon the dissolution of the marriage by decree of divorce, his tenancy by the marital right, which he holds injure uxoris, ceases, and the freehold remaineth to the wife.
After the birth of issue, the husband is entitled to an estate for his own life, and in -his own right, as tenant by the curtesy initiate. Co. Litt. 351 a, 30 a, 124 b; Schermerhorn v. Miller, 2 Cowen R. 439. He then becomes sole tenant to the lord, and is alone entitled to do homage for the land, and to receive homage from the tenant of it, which, until issue born, must be done by husband and wife. 2 Bl. Com. 126: Litt., § 90; Co. Litt. 67 a, 30 a. Then he may forfeit bis estate for life by committing a felony, which, until issue born, he could not do, because the wife was the tenant. 2 Bl. Com. 126; Roper Hus. & Wife 47. And, after issue born, the husband’s estate will not be defeated by the attainder of the wife; for the tenancy continues, he being sole tenant. 1 Hale P. C. 359; Co. Litt. 351 a, 40 a; Bro. Abr. Forf. 78. Does it follow that it will not be defeated by a divorce, which dissolves the marriage? That is the important question in this case, because there is issue of the marriage, whereby the plaintiff in error became tenant by the curtesy of his wife’s lands, of which she now holds possession, and from which to eject her he brought this suit. We have seen that he could not hold it as tenant by the marital right. But having by the birth *605 of issue become tenant by the curtesy initiate, according to the authorities cited, he thereafter held by a different tenure. He no longer held it by a joint seisin with the wife in her right; but, by the birth of issue, he became the sole tenant, and held in his own right, as tenant by the curtesy initiate. The foregoing declaration of doctrines and citation of authorities may, for^ the most part, be found in Ewell’s Lead. Cas., title Coverture, p. 485-6; and without affirming-or dis-affirming the law as declared by them, with regard to the rights acquired by the husband by the birth of issue, it may be conceded so far as it may affect the decision of this cause.
To constitute a tenancy by the curtesy, there are four requisites, the last of which is the death of the wife. The tenancy of the husband by the curtesy is initiate upon the birth of issue. It is consummate on the death of the wife. The attainder of the wife cannot prevent its consummation. Notwithstanding her attainder, at her death, the husband living, it will be consummate. Therefore the attainder of the wife cannot defeat it. But the divorce which breaks the bands of matrimony perpetually dissolves the marital relation between them, so that the man ceases forever to be the husband and the woman to be the wife, must necessarily defeat its consummation. It can never be consummate by tbe death of the wife. . As is said by Mr. Bishop: “Hpon the birth of living issue, capable of taking her estate of inheritance by heirship, he (the husband) becomes tenant by the curtesy initiate of it; but the death of the wife is necessary to make such tenancy consummate, and there can be no death of the wife if the woman ceases to be a wife before her death.” 2 Bishop on Mar. & Divorce, § 712. The attainder of the wife could not overturn the foundation upon which *606 the tenancy rested, the marriage; or prevent its consummation by rendering the fourth requisite impossible. The divorce does both. It removes or destroys the foundation on which the tenancy rested, and without which it could hot have existed at all; and it makes it impossible that it can ever be completed or consummated.
The question as to the relative merit or demerit of the parties can have no bearing upon the decision of this cause. It might have had a very important influence in the decision of questions relating to the estate and maintenance of the parties in the divorce case, if the court had undertaken in that cause, as authorized by the statute, to decree concerning them. But in a possessory action to eject the defendant from the possession of her freehold of inheritance, with which she was invested before the marriage, the case must turn upon questions involving the rights of property and possession. The plaintiff must recover upon the strength of his title or right of possession. It is only a question of property, and the plaintiff cannot avert the legal effect of a divorce upon his marital rights of property by showing that the divorce was decreed in his favor for the fault of his wife. Unless there was some rule of law for settling the rights of parties, according to their relative merit or demerit in the divorce suit, it is not perceived how that could have any legitimate influence upon the decision of this cause. The court is not aware of any such rule of law. Hor can it be perceived how such a rule could be framed or prescribed that would comport with justice, and be promotive of the public virtue.
The policy of the law is not to oppress the frail and erring, or to drive them to hopelessness and despair. It is rather to reclaim the weak and erring, and to in *607 vite and allure them back to the paths of virtue when they have in an evil hour departed from them. It would be impracticable, perhaps, to prescribe any general and inflexible rule that would not operate very often injuriously. It would not do to provide that the property of the party in fault, or such a proportion of it, should be taken from him or her and given to the other. Uor would it be right to prescribe an inflexible rule against the wife, to divest her of her property, and give it to her husband, when she was found to be in fault. Such legislation would not comport with a just, wise, or humane policy. The legislature, in its wisdom, has made a more judicious disposition of this subject, in vesting the divorce courts with power to make such decree concerning the estate and maintenance of the parties as the circumstances of each case may make expedient and proper. When the court fails to make such decree, as in this ease, then the parties must, as to the property, stand upon their legal rights, as they may be affected by the dissolution of the marriage.
Upon the whole, the court is of opinion, that upon the dissolution of the marriage all the husband’s claims to the wife’s lands which depended on the marriage were extinguished, and she was entitled to be restored to them; and that there is no error in the decree of the circuit court, and that it be affirmed.
Judgment aeeirmed.